UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

EVOQUA WATER TECHNOLOGIES CORP.
and IMRAN PAREKH,

    Defendants.

Case No.

# FINAL JUDGMENT AS TO DEFENDANT
# EVOQUA WATER TECHNOLOGIES CORP.

The Securities and Exchange Commission having filed a Complaint and Defendant Evoqua Water Technologies Corp. ("Defendant" or the "Company") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 17(a)(2) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77q(a)(2) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(b) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, violating Section 13(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13] by failing to file with the Commission accurate annual reports on Form 10-K, current reports on Form 8-K, and quarterly reports on Form 10-Q, or omitting from these reports such further material information as is necessary to make the required statements in the reports not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, violating Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by failing to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and disposition of its assets.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, violating Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that its financial statements are prepared in conforming with GAAP or any other criteria applicable to those statements.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $8,500,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying the funds to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at [http://www.sec.gov/about/offices/ofm.htm](http://www.sec.gov/about/offices/ofm.htm). Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Evoqua Water Technologies, Corp. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty

5

Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to:

(a) Within six (6) months from the date of the Final Judgment, complete a review of Evoqua's current controls structure and revenue recognition practices and make improvements to its internal controls over financial reporting, financial or accounting policies, and revenue recognition practices, necessary to ensure that Defendant complies with Generally Accepted Accounting Principles ("GAAP") and the securities laws and regulations. The work will include:

　　i.　An assessment of the Company's revenue recognition policies and procedures, and consideration of potential improvements, including the adoption of an enhanced revenue recognition requirements focused on the specific criteria in ASC 606, and related documentation requirements (including bills of lading and related shipping documentation), and

<blockquote>

<blockquote>

document retention procedures designed to support and test revenue recognition decisions.

</blockquote>

ii. A review of the current sign-off processes, which will include, as appropriate, the review of sign-off processes for transactions that have unusual terms, such as conditionality upon third-party contracts or acceptance, any type of storage arrangement, delayed delivery, or delivery to a location that is neither a distributor, installer, nor an end user of the product. The review will consider potential enhancements to sign-off processes, including the implementation of a rigorous review by a trained accountant with revenue recognition expertise to confirm revenue recognition for product sales within the Aquatics division above 0.5% of the prior year's revenue for the division, which would require the trained accountant to obtain and cross-reference relevant documentation sufficient to comply with GAAP, including ASC 606.

iii. A review of existing disclosure committee review processes to ensure the adequate review of revenue trends and the impact on its trend disclosures from changes to the expected timing of revenue recognition of transactions in the Company's sales pipeline;

iv. An assessment of the frequency of reporting of risk concerns to the Audit Committee; and

v. A review of existing training programs (including any recent remedial actions in this area) to ensure adequate training regarding relevant revenue recognition principles for relevant accounting, finance, and sales teams,

</blockquote>

including bill-and-hold guidance and other common fact patterns presenting potential revenue recognition issues under relevant accounting literature, guidance and past enforcement precedent, including the issues alleged by the Complaint.

(b) Within twelve (12) months from the date of the Final Judgment, design and implement Company-wide enhanced documentation requirements concerning cutoff procedures for the recognition of revenue, oversight, and testing to ensure that revenue is being recognized within the appropriate reporting period in compliance with GAAP and the securities laws and regulations;

(c) Within twelve (12) months from the date of the Final Judgment, design and implement procedures for the integration into the Company of acquired entities and operating units whose financial results are consolidated by the Company to ensure the appropriate and timely development, integration, and adoption of applicable internal controls for financial reporting, accounting policies, and financial reporting functions for the newly acquired entity or operating unit in compliance with GAAP and the securities laws and regulations;

(d) Within twelve (12) months from the date of the Final Judgment, the Company and the Audit Committee shall design and implement procedures and controls to ensure the timely reporting to the Company's internal and external auditor of any tips, complaints, allegations or other relevant information – whether or not substantiated – concerning any improprieties, violations of Company policies, deficiencies, insufficient or improperly functioning accounting controls, errors, or misconduct relating to or potentially impacting the company's financial reporting,

along with management's responses for such tips, complaints, allegations or other relevant information;

(e) Within twelve (12) months from the date of the Final Judgment, the Company and the Audit Committee shall design and implement procedures and controls for the timely reporting to the full Audit Committee of any tips, complaints, allegations, or other relevant information concerning financial matters. In addition, design and implement procedures and controls for the regular (annually, quarterly, etc.) reporting to the full Audit Committee of any: (i) Compliance Helpline cases; (ii) areas of weakness or concern; and (iii) all matters addressed during the prior year by the Company's management; and (iv) any key findings and/or recommendations regarding any identified issues about the effectiveness of the Company's risk management, including applicable internal controls.

(f) Within twelve (12) months from the date of the Final Judgment, design and implement a process to track, evaluate, and document whether uncorrected errors or misstatements to current or prior period financial statements are material, individually or in combination with other misstatements, taking into account relevant quantitative and qualitative factors.

(g) Within twelve (12) months from the date of the Final Judgment, design and implement recurring training for relevant Company employees, including sales and sales support staff, concerning risk assessments and compliance with the tenets of GAAP relevant to revenue recognition applicable to the employee's functional area of responsibility. Training of sales and sales support staff will include the importance that all terms and conditions of sales transactions are

(h) The CEO of Evoqua, or if Defendant closes its announced merger with another publicly-traded company then the CFO or Chief Accounting Officer of the successor company, will certify in writing compliance with the undertaking(s) set forth above. The certification shall identify the undertaking(s), provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to John Dugan, Associate Director, Division of Enforcement, Securities and Exchange Commission, Boston Regional Office, 33 Arch Street, 24th Floor, Boston, MA 02110, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of the undertakings.

(i) For purposes of these undertakings, if the Defendant closes its announced merger with another publicly-traded company, the references to Evoqua or the Company shall apply to the historical Evoqua business as then operated within the successor company.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

properly documented and made available to the applicable accounting and finance staff.

**VIII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  July 10 , 2023

_____
UNITED STATES DISTRICT JUDGE